## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Wycoff

v.

Wycoff

### Case No. E.F. 504

By Judge Alex H. Sands, Jr.

January 22, 1965

This matter is before the Court upon plaintiff's petition for increase in child support and defendant's petition that support requirement be terminated as of June 1, 1964.

Three questions are presented.

(1) Should support be terminated as of June 20, 1964?

(2) If not, should any increase be awarded for the son of the parties, their only child, to cover all or part of his college education?

(3) If such increase be ordered, can and should it extend past the son's twenty-first birthday?

The solution of the first question presents no problem. Defendant contends that the fact that the son married on June 20, 1964, establishes the fact of his emancipation. The evidence is that not only has the son not furnished any financial support to his wife since marriage, but that on the contrary, she works and is making a small contribution to the son's support in college. There is no evidence that the son ever has or is now capable of self support and even if the Court had the power to eliminate past unpaid support installments which have accrued up to the present, the facts of this case would not justify such action. Defendant will accordingly be ordered to pay to plaintiff all arrearages up to the present time.

John Wycoff, son of the parties, attended Richmond Professional Institute and failed to secure passing grades on the subjects taken. He is now enrolled at Bluefield College and is making passing grades. Education of the child has from early days been recognized in Virginia as a proper

consideration in the determination of support allowance. *Heninger v. Heninger*, 90 Va. 271 (1893). Defendant is fully capable of furnishing at least a substantial contribution to his son's education until he reaches his majority. Education expenses for Bluefield College, excluding allowance for personal use (the boy should have to apply his summer earnings to this item), are $1,308.00 for a nine-month period or approximately $145.00 per month. It would seem reasonable to require defendant to pay this full amount for the remainder of this school year.

John becomes twenty-one on August 10, 1965. While there is outside authority which holds that a Court has the power to order payments for college educational purposes extending beyond the child's twenty-first birthday, *Blandford v. Blandford*, L.R. [1892] Prob. (Eng.) 148, the generally followed rule in this country, at least under statutes similar to those in Virginia, is that upon reaching majority a child ceases to be a ward of the Court and the Court has no authority to decree further support payments for educational purposes. *Jackman v. Short*, 109 P.2d 860 (Ore. 1941); *Allison v. Allison*, 188 Kan. 593, 363 P.2d 795 (1961); see note in 133 A.L.R. beginning at page 902. All support payments will accordingly be terminated as of August 10, 1965.

Defendant is ordered to bring all arrearages under previous orders of this Court up to date.

Support payments beginning January 1, 1965, are increased to $145.00 per month until the end of the current school year.

Support payments beginning the 1st day of the month following the month in which Bluefield College closes, will revert to the present amount of $65.00 per month and will terminate entirely August 10, 1965.

### January 29, 1965

This will confirm my ruling of this morning in regards the allowance of counsel fees to plaintiff's counsel for the last court appearance and work done in preparation therefor.

The previous hearing in this matter was initiated by the plaintiff for the sole purpose of securing an increase in the support award to cover educational expenses and under the circumstances the Court refused to award her attorney's fees against the defendant.

The last hearing, that in question, was initiated by plaintiff seeking to recover payments of support alleged to be delinquent. The payments were delinquent though they were being held in escrow pending the Court's ruling upon the emancipation status of the boy. If defendant had not with-

held payment he would have had to have petitioned the Court for a ruling upon the issue of emancipation. Since the actual initiating factor of the hearing primarily concerned defendant's interest, i.e., termination of support, it is felt that a fee should be allowed plaintiff's counsel for work in this connection. Plaintiff did not, however, confine the relief sought to recovery of arrearages but again sought an increase for educational purposes. This is the same type of relief for which the Court previously refused an allowance of counsel fees.

The Court feels that the work done by plaintiff's counsel justifies a minimum fee of $200.00 but for the above reason it is felt that only a portion of this should be charged against the defendant. A fee of $100.00, therefore, will be allowed against defendant. Plaintiff's counsel will have to look to his client for any additional fee.